# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50099 | **DATE** | July 1, 2008 |
| **CASE TITLE** | Jerry Lewis Gulley (#58630) v. Pocock | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The court orders the trust fund officer at Plaintiff's current place of confinement to collect monthly payments from Plaintiff's trust fund account in accordance with this order. However, the Court dismisses the complaint under its preliminary review for failure to state a claim. 28 U.S.C. § 1915A. The dismissal of the complaint counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Plaintiff, Jerry Lewis Gulley (#58630), an inmate at the Winnebago County Jail, seeks to bring this suit *in forma pauperis*. Finding that Plaintiff is unable to prepay the filing fee, and that he has neither the available funds nor means to pay the initial partial filing fee, the Court grants his motion to proceed *in forma pauperis* and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (a prisoner cannot be prohibited from bringing suit based upon an inability to pay). The trust fund officer at the facility where Plaintiff is confined, currently the Winnebago County Jail, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee, and the trust fund office at Plaintiff's place of confinement shall notify transferee authorities of any outstanding balance, in the event Plaintiff is transferred to another facility.

　　Although Plaintiff may proceed *in forma pauperis*, preliminary review of the complaint reveals that the complaint must be dismissed. Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of an inmate's complaint and dismiss the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a party that is immune from such relief. In this case, Plaintiff sues a doctor, a dentist, and a superintendent at the Winnebago County Jail. Plaintiff alleges that food trays at the jail are stacked and then dragged across the floor. Plaintiff contends that the trays scrape paint off the floor, that paint chips collect on the bottom of trays, and that paint chips end up on the top of trays from stacking them and from holes in the trays. Plaintiff asserts that the jail dishwasher was inadequate to clean the trays of paint particles, that inspectors overlooked the condition of the trays, that he and other inmates became ill from eating off the trays, and that they felt better after being transferred to another facility. Plaintiff may have intended to name Aramark Food Services as the defendant in this case and the jail doctor and dentist as defendants in another case Plaintiff filed at the same time. *See Gulley v. Aramark*, No. 08-50098.

**(CONTINUED)**

### STATEMENT (continued)

Plaintiff's allegations fail to state a claim. In order to succeed on a § 1983 claim, Plaintiff must be able to establish that the defendants violated his constitutional right. With respect to a jail condition, Plaintiff must be able to show that the defendants acted with deliberate indifference to a serious risk of injury, i.e., that they were aware of a condition that posed a substantial risk of serious injury to Plaintiff, but failed to take appropriate steps to correct the condition. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Plaintiff's allegations of paint particles on trays do not state a sufficiently serious jail condition that rises to the level of a constitutional injury. *See Sain v. Wood,* 512 F.3d 886, 894 (7th Cir. 2008) (peeling paint in cell insufficient to state an unconstitutional condition of confinement); *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (allegations that food particles left on trays indicated that the dishwasher was not working and placed prisoner's health at risk did not state a constitutional claim of deliberate indifference). Furthermore, Plaintiff's complaint alleges, at most, only negligence, not deliberate indifference. *See Butera*, 285 F.3d at 605; *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *see also Sam*, 512 F.3d at 894-95. Although Plaintiff provides witness statements about the stacking of trays and a detailed description, with accompanying illustrations, of how paint particles or scrapings from the floor get on trays, even assuming that the allegations in his complaint are true, they do not state a constitutional claim of deliberate indifference with respect to a jail condition.

The Court notes that Plaintiff filed another suit at the same time he filed the instant complaint. *See Gulley v. Aramark*, No. 08-50098. Plaintiff may have intended to name Aramark as the defendant in this case and Drs. Pocock and Oats in case number 08-50098. Nevertheless, even if the instant complaint named Aramark as the defendant, the complaint still fails to allege a sufficiently serious prison condition or deliberate indifference.

Accordingly, the Court dismisses the complaint under 28 U.S.C. § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he cannot file an action in federal district or appellate courts without the prepayment of the filing fee, unless he demonstrates that he is imminent danger of serious physical injury. § 1915(g). If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he should file a motion for leave to appeal *in forma pauperis* in this Court and state the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may also accumulate another "strike" under § 1915(g).